IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES T. FISHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-04-1764-L |
| v. | ) | |
| | ) | |
| JOHN WHETSEL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

<u>REPORT AND RECOMMENDATION</u>

Petitioner has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

This is Petitioner's second attempt in this Court to obtain a stay of his state court retrial in Oklahoma County District Court, Case No. CF-83-137. The Tenth Circuit Court of Appeals granted Petitioner conditional habeas relief in <u>Fisher v. Gibson</u>, 282 F.3d 1283 (10th Cir. 2002), in which the appellate court granted the writ "subject to the condition that the state retry Mr. Fisher within a reasonable time or be subject to further federal proceedings to consider his release." <u>Id.</u> at 1311. In his previous petition filed in this Court on December 3, 2004, Petitioner alleged that this Court should issue a stay concerning his pending state

court retrial because he has been denied effective assistance of counsel. Fisher v. Whetsel, No. CIV-04-1647-L. United States District Judge Leonard entered an Order and Judgment on December 6, 2004, in which Judge Leonard declined to interfere in the ongoing state court criminal proceeding on abstention grounds. Petitioner has initiated an appeal of this decision in the Tenth Circuit Court of Appeals, Fisher v. Whetsel, No. 04-6400.

None of the reasons cited by Judge Leonard in the earlier habeas proceeding filed in this Court for applying the Younger abstention doctrine have changed in the intervening month. Nevertheless, in his new Petition, Petitioner attempts to show that extraordinary circumstances exist which warrant this Court's issuance of a stay of his pending state court criminal proceeding to allow this Court to review his claims of irreparable injury. See Younger, 401 U.S. at 45 (noting that "courts of the United States have power to enjoin state officers from instituting criminal actions . . . under extraordinary circumstances, where the danger of irreparable loss is both great and immediate").

An exception to the Younger abstention doctrine may apply "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." Perez v. Ledesma, 401 U.S. 82, 85 (1971); see Younger, 401 U.S. at 54 (creating exception for "showing of bad faith, harassment, or any other unusual circumstances that would call for equitable relief"). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

Petitioner alleges in conclusory fashion that Oklahoma County Detention Center officials have caused him to suffer physical injuries and denied him medical treatment. However, if Petitioner has suffered injury that is barred by the Constitution, he has an available remedy under 42 U.S.C. §1983.  Indeed, Petitioner alleges that he has filed an action under 42 U.S.C. §1983 in the state courts alleging that he has suffered unconstitutional injuries caused by jail officials during his detention.  Petitioner has not alleged that any state officials have acted without "any expectation of securing valid convictions" or that a statute is being applied in his criminal prosecution that is clearly unconstitutional. Younger, 401 U.S. at 48, 53-54.  The only relief which Petitioner could obtain in this habeas proceeding is equitable in nature.  As the Supreme Court explained in Kugler v. Helfant, 421 U.S. 117, 124-125 (1975), the "very nature of 'extraordinary circumstances'" contemplated in Younger

> makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings.  But whatever else is required, such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation.

If Petitioner believes that there has been unreasonable delay in conducting his retrial, he has the opportunity to raise that issue in his previous habeas proceeding in which he was granted a conditional writ.  Because his conclusory allegations of collateral issues unrelated to the state court retrial do not present the "extraordinary circumstances" that create an

exception to the Younger abstention doctrine, this Court should apply the Younger abstention doctrine and decline to interfere with his ongoing state court criminal proceeding.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 3, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   14th   day of   January  , 2004.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE